IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TERESA L. CALE                                                                                         PLAINTIFF

V.                              Civil No. 2:21-cv-02167-PKH-MEF

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                                  DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Teresa Cale, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

### I.      Procedural Background

Plaintiff filed her applications for DIB and SSI on April 11, 2019, alleging disability since January 21, 2019, due to diabetes, hypertension, attention deficit disorder, anxiety, burning in her feet, and swelling and pain in her legs.  (ECF No. 11, pp. 47, 68, 149-162, 192, 206-207, 225-226). An administrative hearing was held telephonically on September 30, 2020.  (*Id*. at 30-46).  Plaintiff was in attendance and represented by counsel.

Plaintiff was 51 years old on her alleged onset date, possessed a GED with some college, and was certified as a nurse.[1] (ECF No. 11, pp. 23, 34, 279). She has past relevant work ("PRW") experience as a licensed practical nurse ("LPN"). (*Id*. at 23, 33-34, 54, 193, 198-205, 238-239).

On December 8, 2020, the Administrative Law Judge ("ALJ"), identified Plaintiff's diabetes mellitus and hypertension as severe impairments. (ECF No. 11, p. 18). He concluded she did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. He found that she retained the RFC to perform a full range of light work. (*Id*. at 19). Utilizing Medical-Vocational Rule 202.14, the ALJ then determined that Plaintiff was not disabled. (*Id*. at 23-24).

The Appeals Council denied Plaintiff's request for review on August 9, 2021. (ECF No. 11, pp. 5-8). Plaintiff subsequently filed this action on October 8, 2021. (ECF No. 2). Both parties have filed appeal briefs (ECF Nos. 15, 16), and the matter is ready for Report and Recommendation.

## II.     Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). If there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence

---

[1] Plaintiff testified that she attended Arkansas Tech to get her associate degree in nursing but was unable to pass the math class required to obtain her degree. (ECF No. 11, p. 34). She was, however, allowed to take and passed the LPN licensure exam. (*Id*.).

exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The fact finder will only consider Plaintiff's age, education, and work experience in the light of her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. Discussion

Plaintiff raises several issues on appeal, including: the ALJ's failure to fully develop the record concerning her mental impairments; his step two conclusion that her mental impairments were not severe; and his determination that she can perform a full range of light work.

It is true that the ALJ has a duty to develop the record fully and fairly to ensure his decision is both informed and based on sufficient facts. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). In so doing, the ALJ is required to recontact a treating or consulting physician if a critical issue is undeveloped or underdeveloped, and to order medical examinations and tests if the medical records presented to him fail to provide sufficient medical evidence to determine whether the claimant is disabled." *Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (quotation, alteration, and citation omitted).

At Step Two, "[a]n impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987); 20 C.F.R. § 404.1521(a)). "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." *Id*. (citing *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007)). However, regardless of the severity of the impairment, it must be accounted for in the RFC. *Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8p, (S.S.A. 1996) 1996 WL 37418, *5. Non-severe impairments, when considered in combination with other impairments, may be critical to the outcome of a claim.

To support his determination that the Plaintiff's anxiety, obsessive compulsive, major depressive, post-traumatic stress, agoraphobia with panic, and bipolar disorders were not severe,

4

the ALJ relied on the opinions of two state agency physicians completed in August and December 2019. (ECF No. 11, pp. 50-51, 72-73). In both instances, the physicians concluded that the Plaintiff's mental impairments resulted in only mild limitations in her ability to understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage herself. Unfortunately, these physicians did not have access to the Plaintiff's mental health records. *Lauer v. Apfel*, 245 F.3d 700, 705 (8th Cir. 2001); *Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995) (finding that RFC forms prepared by a consulting, non-examining, physician cannot constitute substantial evidence that claimant could perform the full range of light work because the opinions in these agency RFC assessment forms were not based upon the full record). In fact, they did not review the records documenting her formal mental health treatment. Nonetheless, blindly agreeing with the agency physicians' conclusion that the Plaintiff's mental health treatment was "limited," the ALJ failed to even discuss it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008) (holding substantial evidence standard requires ALJ to consider evidence that both supports and detracts from his decision).

The Commissioner seeks to excuse this failure by pointing to the fact that the Plaintiff's depression and anxiety were situational in nature, responded well to the treatment prescribed, and did not meet the 12-month durational requirement. However, the record before the ALJ, and currently before this Court, indicates that the Plaintiff was hospitalized for four days in September 2019 after reporting a suicide plan to her counselor, Ronnie Goff. (ECF No. 11, pp. 588-621). It does appear that her condition stabilized on medication, but she continued to require regular post-discharge outpatient services from Advanced Practice Registered Nurse, Amber Mobley, at The Guidance Center. (ECF No. 11, pp. 627-639). Treatment notes indicate that her mood remained anxious/depressed, despite medical intervention to include prescriptions for Trileptal and Abilify.

(*Id*.). At her last appointment with Nurse Mobley in September 2020, her Abilify dosage was increased. (*Id*. at 627-630). Although we cannot glean Plaintiff's exact limitations from this evidence, her mental impairment clearly meets the 12-month durational requirement and should have been discussed by the ALJ.

We are also cognizant of Dr. Jordan's notations regarding the August 2019 treatment record from Dr. Shawn Miller, wherein the Plaintiff refused to wean down her Xanax dosage and was both angry and aggressive. Our review of that record, however, reveals that this refusal was coupled with an admonishment that she would prefer to discuss the matter with a behavioral health professional, which Dr. Miller was not. (ECF No. 11, pp. 424-463). Further, while records do show that the Plaintiff was angry and aggressive during this appointment, she suffered from anxiety disorder. Research suggests that anger and aggression are common among individuals with anxiety disorders. Katherine Keyes, Ph.D.; Katie McLaughlin; Ph.D.; Thomas Vo, M.P.H.; et al., *Anxious and Aggressive: The Co-Occurrence of IED with Anxiety Disorders*, 33 J. of Depression and Anxiety, 101-111 (2016), *at* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4729594/ (last accessed August 17, 2022). Thus, rather than providing support for a finding that her anxiety was not severe, this evidence suggests that it was symptomatic.

In addition to the assessments of the agency physicians, the record does contain a medical source statement from Plaintiff's treating counselor, Ronnie Goff, dated July 17, 2020. (ECF No. 11, p. 547). He opined that the Plaintiff had no useful ability to function on a sustained basis in the following areas: maintaining attention and concentration for extended periods; performing activities within a schedule; maintaining regular attendance; being punctual within customary tolerances; responding appropriately to supervision, co-workers, and unusual work settings; working in coordination with or proximity to others without being distracted by them; completing

a normal workday and workweek without interruptions from psychologically based symptoms; performing at a consistent pace without an unreasonable number and length of rest periods; interacting appropriately with the general public; accepting instructions and respond appropriately to criticism from supervisors; getting along with coworkers or peers without distracting them or exhibiting behavioral extremes; maintaining socially appropriate behavior; adhering to basic standards of neatness and cleanliness; responding appropriately to changes in work setting; function independently; behaving in an emotionally stable manner; relating predictably in social situations; demonstrating reliability; working without deterioration or decompensation causing the individual to withdraw from the situation; and working without deterioration or decompensation causing exacerbation of symptoms or adaptive behaviors.  Counselor Goff indicated that his assessment covered the period of January 29, 2019, through September 27, 2019, and records from Nurse Mobley list him as the Plaintiff's treating counselor throughout the same period.  Plaintiff also testified that she saw Counselor Goff weekly.  (*Id*. at p. 37).  Despite this, the ALJ made no attempt to obtain these records.  Instead, he chose to dismiss Counselor Goff's assessment, stating that it lacked overall support in the record and failed to identify the objective findings upon which it was based.  The ALJ also failed to order a mental consultative exam or request an updated mental RFC assessment from one of the agency physicians, leaving the record underdeveloped as to the Plaintiff's work-related limitations.  Accordingly, we cannot say that the ALJ met his burden of fully and fairly developing the record in this case.  Moreover, given the underdeveloped record before the Court, we are unable to uphold the ALJ's RFC determination.

Accordingly, remand is necessary to allow the ALJ to properly evaluate the Plaintiff's mental impairments by retrieving medical records from Counselor Goff and obtaining an RFC assessment from Nurse Mobley.  Once these records have been received, the ALJ is directed to

provide all the Plaintiff's mental health records to a consultative examiner for the completion of a mental exam and RFC assessment. With this evidence, he can then determine whether the Plaintiff's mental impairments significantly limit her physical or mental ability to perform basic work activities.

## IV. Conclusion

For the reasons stated above, I recommend reversing and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of August 2022.

/s/ Mark E. Ford
HON. MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE